FILED
U.S. DISTRICT COURT

2010 NOV 15 PM 2: 28

CLERK _L. Ilberdere_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

HEMRAJ MAHARAJ and )
OMATIE MAHARAJ, )
)
      Plaintiffs, )
)
   v. )   CV 110-048
)
US BANK NATIONAL ASSOCIATION, )
as Trustee for CREDIT SUISSE FIRST )
BOSTON MBS HEAT 2004-5, et al., )
)
      Defendants. )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs filed the above-captioned case on April 5, 2010 and paid the $350.00 filing fee. Because they are proceeding *pro se*, the Court provided them with some basic instructions regarding the development and progression of this case. (Doc. no. 12.) In those instructions, the Court explained that Plaintiffs are responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-2.) Moreover, the Court specifically informed Plaintiffs that under Fed. R. Civ. P. 4(m), they had 120 days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in the dismissal of individual defendants or Plaintiffs' entire action. (Id. at 2.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that Defendants had been served, the Court directed Plaintiffs to show cause why their claims should not be dismissed without prejudice for failure to effect service. (Doc. no. 13.)

Plaintiffs did not respond to the Show Cause Order, and there is still no evidence in the record of either defendant having been served.[1]

As the Court explained in its October 18, 2010 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 13, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a Plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiffs' failure to communicate

---

[1] A summons was issued for Defendants America's Servicing Company, First National Bank & Trust Co., and Mortgage Electronic Registration Systems, Inc. (Doc. no. 4.) In addition, Defendant First National Bank & Trust Co. has filed both an answer and a motion to dismiss (doc. nos. 8, 11), and other Defendants have also filed a motion to dismiss (doc. no. 10). These motions – each of which is premised at least in part on Plaintiffs' failure to effect service – are currently pending before the Honorable J. Randal Hall, United States District Judge. However, despite these filings, there is no proof of proper service in the record for any of the Defendants named in this case; the record shows no evidence of any Defendant having waived service, and all of the Defendants who have appeared in this case maintain that service has not been effected. (See doc. nos. 10-11.)

with the Court regarding their inability to effect service of process upon Defendants is indicative of an abandonment of their claims, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiffs on two separate occasions that failure to effect service upon the defendants would lead to dismissal of their claims. (See doc. nos. 12, 13.) Fed. R. Civ. P. 4(m) directs that, should a Plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Plaintiffs' claims. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiffs' complaint be **DISMISSED** without prejudice for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 15th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE